UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| KEVIN DANN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-32-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Kevin Dann has filed a *pro se* complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), and has paid the filing fee. [Record Nos. 1, 8] This matter is pending for initial review pursuant to 28 U.S.C. §§ 1915(e), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

**I.**

Dann alleges that when he was taken into the custody of the Bureau of Prisons in 2010, he was already suffering from an injury to his left wrist due to an accident with a nail gun. Dann was told that he needed a bone graft to treat the injury after medical examination and testing confirmed that he had a broken bone in his left wrist. However, when he was taken to a hospital for the procedure to be performed in 2011, his medical records could not be located, preventing the operation from going forward. Dann contends that since that time through April

2014, BOP medical staff only provided a velcro brace for his wrist and over-the-counter medication which was insufficient to address his chronic pain.

Dann made these same allegations in a civil rights lawsuit he filed in this Court in August 2014 pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court dismissed that suit in August 2015 on several grounds, including Dann's failure to exhaust administrative remedies and his failure to demonstrate a viable Eighth Amendment claim. The Court also concluded that Dann's claims against Lt. Davis could only be asserted under the FTCA because Davis is a commissioned officer of the United States Public Health Service. Dann appealed, but the appeal was dismissed for failure to prosecute.

Two weeks after that case was dismissed, on September 1, 2015, Dann submitted a Standard Form 95, *Claim for Damage, Injury, or Death*, to the BOP setting forth the same basic allegations and stating that he had been advised that surgery was no longer a viable treatment option. Dann sought $250,000.00 in administrative settlement of his claim against the BOP. The BOP denied that request by letter dated March 3, 2016, asserting that it had provided medically-appropriate care at all times. [Record No. 4 at 1-4]

Once the BOP denied the claim, Dann had satisfied the FTCA's exhaustion requirement set forth in 28 U.S.C. § 2675(a). *Myers v. United States*, 526 F.3d 303, 305 (6th Cir. 2008). Therefore, he was required to file suit within six months (by September 3, 2016) or his claim would be time barred. 28 U.S.C. § 2401(b). Dann's complaint is deemed filed on February 9,

2017, the date he mailed it [Record No. 1-2], pursuant to the prison mailbox rule.[1]  As a result, Dann's complaint is untimely by more than five months.

In the "certificate of service" filed with the complaint, Dann states that it is merely a "reproduction" of the original, which he alleges was mailed to the Court six months earlier (on August 1, 2016).  [Record No. 1 at 12]  In a letter to the Clerk of this Court dated January 9, 2017, Dann alleged that "several months ago" he had mailed a "motion" under the FTCA to the Court, but that he had never heard back and the Clerk had not sent back a letter advising him of the case number or providing him with a motion to proceed *in forma pauperis*.  Dann offered no other factual support for his allegations other than his own statement.

On January 17, 2017, the Clerk advised Dann by letter that it had no active case to associate with his letter, indicating that the Court never received the FTCA "motion" Dann claims to have mailed.  [Record No. 1-1]

**II.**

Setting aside any concerns regarding the possible res judicata effect of the prior litigation, the question presented is whether Dann's alleged efforts to file suit within the limitations period, assuming them to be true, prevent his complaint from being time-barred under § 2401(b) where those efforts failed to actually result in his FTCA claims being received and filed in this Court.  Resolution of that question might be more clear-cut if, as federal courts previously held, the timely filing of a FTCA complaint was a jurisdictional prerequisite to suit.

---

[1]  Technically the complaint could have been deemed filed on the date Dann signed it if he had dated it and promptly handed it to prison officials for mailing, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  However, Dann did not date his complaint at all.

But the Supreme Court has recently made clear that § 2401(b) is not a jurisdictional statute but merely a statute of limitations. Thus, the limitations period is subject to equitable tolling. *United States v. Kwai Fun Wong*, __ U.S. __, 135 S. Ct. 1625, 1632-34 (2015).

The Court nonetheless concludes that Dann's complaint must be dismissed as time-barred. First, Dann's complaint cannot be deemed timely filed through application of equitable tolling. Dann plainly failed to file suit within the time period permitted by § 2401(b). This Court may conclude that equitable tolling applies to save an otherwise untimely complaint from dismissal. *Jackson v. United States*, 751 F. 3d 712, 718-19 (6th Cir. 2014). Equitable tolling permits a federal court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). However, application of equitable tolling in suits against the government should be permitted only "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004).

The court considers the following factors in determining whether to apply equitable tolling:

(1) the plaintiff's lack of notice of the filing requirement;

(2) the plaintiff's lack of constructive knowledge of the filing requirement;

(3) the plaintiff's diligence in pursuing her rights;

(4) an absence of prejudice to the defendant; and

(5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F. 3d 644, 648 (6th Cir. 1998). The plaintiff bears the burden of demonstrating entitlement to equitable tolling. *Robertson*, 624 F. 3d at 784.

Here, the first and second factors do not support equitable tolling because Dann was actually aware of the six-month deadline to file suit. *Truitt*, 148 F. 3d at 648. The BOP's letter denying his request for administrative settlement expressly advised him that he must file suit within six months [Record No. 4 at 2], and Dann's alleged conduct in mailing his complaint on August 1, 2016 - one month before that deadline - evidences his subjective awareness of the deadline to file suit.

Likewise, the third and fifth factors (i.e., Dann's diligence in pursuing his rights and the reasonableness of his conduct) do not support equitable tolling. Dann could have filed suit a few days or a few weeks after he received the BOP's denial letter in early March 2016. Instead, he waited five months - with only one month remaining before the deadline - before he filed a fairly straightforward complaint. He did so even though he was already thoroughly familiar with the facts of his case and the process of filing a complaint through his involvement in the first case he filed in 2014 based upon the same events. Such unnecessary delay does not constitute diligence under the circumstances. See *Jackson*, 751 F. 3d at 720.

In addition, equitable tolling is only warranted during the period where the plaintiff's conduct continues to be diligent, but ceases once his or her conduct is no longer so. *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002); *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period ... [but we] have generally been much less forgiving in receiving late filings where the claimant failed

to exercise due diligence in preserving his legal rights."). Apart from Dann's diligence before he allegedly mailed the complaint on August 1, that diligence faltered thereafter.

Dann claims that he was unable to mail the complaint by certified mail because the prison was on lockdown. [Record No. 1-1] If Dann had been concerned enough about the Court timely receiving the complaint because of the disruption at the prison that he had intended to send it by certified mail, his inability to do so should at least have prompted him to check with the Court to ensure its receipt shortly after he sent it by regular mail. Dann did not do so, either immediately after he mailed the complaint or even before the September 3rd deadline had arrived. Instead, he waited more than five months before writing to the Court in January 2017 to check on its status. This conduct does not demonstrate the sort of diligence sufficient to warrant the Court's invocation of its equitable authority on behalf of a dilatory plaintiff.

The fourth factor (i.e., prejudice to the defendant) is more equivocal. On the one hand, it is open to question whether the delay caused material prejudice to the defendant in responding to the plaintiff's claims. On the other, the basis for Dann's FTCA claim relates to medical care he received from 2011 through 2014. Thus, his suit is already six years removed from the underlying events. The documentary record was somewhat preserved through the filing of the prior action, but witnesses may have dispersed and their recollections grown more uncertain with the passage of time.

On balance, particularly where the plaintiff's suit is one against the government, the Court concludes that equitable tolling is not warranted. Congress intentionally established a very short limitations period to file an action under the FTCA, requiring promptness and

considerable diligence on the part of potential FTCA plaintiffs. Dann was clearly aware of the short period to file suit but unnecessarily waited until the eleventh hour to mail his complaint. He then made no effort for five months to ensure that it was timely received by the Court, notwithstanding his acknowledged concern regarding its timely receipt.

One additional note: the timeliness of Dann's filing is further called into question because he failed, both in August 2016 and in February 2017, to send with his complaint either payment of the filing fee or a motion to proceed *in forma pauperis*. *See* Record No. 1-1 at 1 (Dann stating that he never received a form application to proceed in forma pauperis after he sent his FTCA motion in August 2016). While a civil action is commenced by filing a complaint, a filing fee is also required, 28 U.S.C. § 1914. Having made no attempt to either pay the filing fee or file a motion to proceed *in forma pauperis* at either time, there is sound reason to doubt whether Dann is deemed to have "commenced" suit at such time for purposes of the statute of limitations even if his complaint had been received. *Truitt*, 148 F. 3d at 647-48 ("... it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court.") (citing *Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F. 3d 161, 164 (7th Cir. 1995) and *Jarrett v. US Sprint Comm. Co.*, 22 F.3d 256, 258 (10th Cir. 1994)). *See also Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989).

### III.

Dann's complaint is time barred under 28 U.S.C. § 4201(b), and must be dismissed. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiff's complaint is **DISMISSED**, with prejudice.

2. A corresponding Judgment will be entered this date.

3. This matter is **STRICKEN** from the active docket.

This 5th day of September, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge